**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE:                                  :     Civil Action No.:     08-mc-0032 (RMU)
                                        :
PETITION OF LANAI REID    :     Document No.:        1

### MEMORANDUM OPINION

#### DENYING THE PETITIONER'S REQUEST FOR EXPUNCTION OF RECORDS

### I. INTRODUCTION

The petitioner filed this expunction request on January 15, 2008. Pet. at 1-8. At an unspecified time, the petitioner pled guilty to "assault with a dangerous weapon (ashtray), felony threats and misdemeanor Bail Reform Act violation" in the D.C. Superior Court. *Id.* at 1-2. She now petitions the court to exercise its inherent equitable powers to expunge the records associated with this guilty plea. *See generally Id.* Because she has not submitted evidence of exceptional circumstances compelling such relief, the court denies the petitioner's request.

### II. BACKGROUND

The following facts are solely derived from the petition. In 2002, the petitioner graduated from the University of Maryland Eastern Shore with a degree in veterinary medicine. *Id.* at 1. Shortly after graduation, the petitioner was diagnosed with bipolar disorder. *Id.* As doctors adjusted medications so that she could lead a normal, productive life, the petitioner "incurred criminal charges while in the manic phase of her illness." *Id.* The petitioner pled guilty to "assault with a dangerous weapon (ashtray), felony threats and misdemeanor Bail Reform Act violation" in the D.C. Superior Court. *Id.* at 1-2. D.C. Superior Court Judge Erik Christian sentenced the petitioner to probation, which expired on January 21, 2007. *Id.* at 2. The petitioner completed probation without incident. *See id.*

Despite being an "intellectually capable, law abiding citizen" before and after the felony conviction, being a convicted felon has "hampered the promising and rewarding future once assured [the petitioner]." *Id.* Indeed, the petitioner asserts that she has been denied employment due to her felony conviction. *Id.*

## III.  ANALYSIS[1]

"Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" *United States v. Davis*, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985)). "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Id.* (internal quotation marks omitted) (quoting *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)). This Circuit and district court have found such extreme circumstances when cases "involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Livingston*, 759 F.2d at 77 (citing *Doe v. Webster*,

---

[1] The petitioner's attorney extensively plagiarizes her "Legal Discussion" section. *Compare* Pet. at 2-6 *with* Vitauts M. Gulbis, *Judicial Expunction of Criminal Record of Convicted Adult*, 11 A.L.R. 4th 956 § 36 (1982). In fact, the petitioner's attorney does nothing but cut-and-paste from the article, adding no analysis of her own. "[C]itation to authority is absolutely required when language is borrowed." *United States v. Bowen*, 2006 WL 2571992, at *8 n.3 (6th Cir. Sept. 8, 2006). The court reminds counsel that such conduct is actionable by the bar's disciplinary committee.

Furthermore, this kind of practice is not only misleading, but it also "buck[s] [the attorney's] duty to develop . . . arguments before this court on [her] client's behalf." *Alamo v. Puerto Rico*, 2006 WL 1716422, at *3 (D.P.R. June 19, 2006). Let it be clear to counsel that "[t]his court expects counsel to fully comply with this court's rules and submit work product befitting of pleadings in a federal court." *Kilburn v. Republic of Iran*, 441 F. Supp. 2d 74, 77 n.2 (D.D.C. 2006).

606 F.2d 1226, 1230 (D.C. Cir. 1979)); *accord Sullivan v. Murphy*, 478 F.2d 938, 970 (D.C. Cir. 1973) (granting a petition to expunge because the records of the arrests suggested that the arrests were justified when in fact they were not); *United States v. Benlizar*, 459 F. Supp. 614, 624-25 (D.D.C. 1978) (expunging a criminal record because of government misconduct in obtaining the conviction). And while this Circuit has long recognized the fact that a criminal record causes social disabilities, *Menard v. Saxbe*, 498 F.2d 1017, 1023-24 (D.C. Cir. 1974), the harm of being unable to obtain employment is insufficient on its own, *Davis*, 2006 WL 1409761, at *2.

In this case, although the plaintiff broadly contends that she has been "denied meaningful employment," she does not allege a violation of the Constitution that would render her arrest and conviction improper. *See generally* Pet. In fact, she pleaded guilty to charges of "assault with a dangerous weapon[,] . . . felony threats and misdemeanor Bail Reform Act violation." *Id.* at 1-2. Although she contends that the onset of bipolar disorder contributed to her illegal actions, simply "explain[ing] the circumstances surrounding . . . arrest" does not make the petitioner's situation "harsh or unique." *Schnitzer*, 567 F.2d at 540. Because the petitioner does not allege "serious government misbehavior leading to [her] arrest, or unusually substantial harm . . . not in any way attributable to [her]," her interest does not "outweigh[] the government's need for a record of her arrest. *Id.* (citing *Webster*, 606 F.2d at 1231). Therefore, the court denies the petition.

## IV.  CONCLUSION

For the foregoing reasons, this court denies the petition for the expunction of the criminal record. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of August, 2008.

RICARDO M. URBINA
United States District Judge

3